UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anthony Lee Woods, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Thomas Bergami,[1] )<br>    Respondent. ) | No. 21 CV 50024<br>Judge Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony Lee Woods seeks credit against his federal sentence for the time he served completing a state sentence. For the following reasons, his petition [1] is denied.

Mr. Woods filed this petition under 28 U.S.C. § 2241 while at USP Thomson within the Northern District of Illinois.[2] In it, he challenges the Bureau of Prisons' computation of his sentence. Specifically, he contends that the Bureau has failed to credit him for about two years he spent in pretrial detention.

Before addressing the merits of Mr. Woods' argument, the Court first addresses two threshold issues. First, according to Bureau of Prison records, he was released from custody on February 2, 2022. *See* https://www.bop.gov/inmateloc/ (last visited June 28, 2022). However, his release does not necessarily moot his petition because he appears to remain on three years' supervised release. *See Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 575 (7th Cir. 2022) ("a case that could shorten a former prisoner's term of parole is not moot"); *Pope v. Perdue*, 889 F.3d 410, 414-15 (7th Cir. 2018) (same as to supervised release).

Second, a federal prisoner must exhaust his federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The requirement is not jurisdictional and so is waived if not raised by the respondent. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). The government has not asserted exhaustion, and documents Mr. Woods attached to his petition show that he initiated an administrative appeal. Because Mr. Woods' petition does not appear to be mooted, and because the government has not asserted the defense of failure to exhaust, the Court proceeds to address the merits of Mr. Woods' petition.

---

[1] The warden of USP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.
[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). "[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

The following facts are gleaned from the Mr. Woods' petition and reply brief, the government's response, and documents attached to each, and appear to be undisputed except where noted. In 2014, Mr. Woods was convicted in state court in Tennessee for an offense for which he received probation. On January 30, 2015, while still on probation, he was arrested and charged with numerous offenses including attempted murder and possession of a firearm during an attempted felony. As a result of the January 30, 2015, arrest, on February 26, 2015, a state court judge revoked his probation for the 2014 conviction and sentenced him to serve six years' incarceration. On July 18, 2016, the state charges stemming from his January 30, 2015, arrest were dropped, but he continued to serve the six-year sentence the resulted from his probation revocation.

On March 31, 2017, members of the Tennessee Board of Parole voted to release Mr. Woods on parole. Mr. Woods received notice of the parole board's decision on April 24, 2017. But according to the Board of Parole, Mr. Woods was never released on parole because on April 17, 2017, he was indicted in federal district court in Tennessee for being a felon in possession of a firearm, based on the incident on January 30, 2015. *See United States v. Anthony Lee Woods*, No. 17 CR 10039 (W.D. Tenn.). As a result of the federal indictment, on June 15, 2017, the Board of Parole notified Mr. Woods that it would conduct a pre-parole recission hearing. That hearing was scheduled for July 20, 2017. But before it occurred, the Tennessee district court issued a writ of habeas corpus ad prosequendum to obtain the presence of Mr. Woods to face the federal charges against him. As a result of the writ, on June 20, 2017, the U.S. Marshal obtained custody of Mr. Woods from the Henderson County Jail. He was never returned to the custody of the Henderson County Jail. While he remained in federal custody on the writ, on February 7, 2019, he completed the six-year sentence he was serving as a result of the probation revocation. On April 30, 2019, the Tennessee federal district judge sentenced Mr. Woods to 42 months' custody for the felon in possession of a firearm offense.

The Bureau of Prisons credited Mr. Woods with time spent in pretrial detention from February 8, 2019, which is the day after his state sentenced expired, through April 29, 2019, the day before his federal sentencing. But in his petition, Mr. Woods contends that he should have received credit against his federal sentence beginning on June 20, 2017, the day the U.S. Marshal obtained his custody from the Henderson County Jail. Mr. Woods argues that because he was in federal custody beginning on June 20, 2017, he should receive credit against his federal sentence beginning on that date, not based on the date that he completed his state sentence.

Under 18 U.S.C. § 3585(b), a prisoner receives credit against his federal sentence "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Because Mr. Woods received credit towards his six year state sentence up until February 7, 2019, he cannot also receive credit towards his federal sentence at any point before February 7, 2019. *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."). The fact that from June 20, 2017, on he was on a writ of habeas corpus ad prosequendum does not change the analysis, an issue addressed squarely in *Easley v. Stepp*, 5 Fed. Appx. 541, 543 (7th Cir. 2001) ("A prisoner detained under a writ of habeas corpus ad prosequendum remains in the primary custody of the 'sending sovereign'—here the state—until that sovereign relinquishes jurisdiction over him."). Nothing

in the record suggests that by acceding to the writ, Tennessee intended to surrender its primary custody over Mr. Woods. To the contrary, according to records from the Henderson County Sheriff's Department, Mr. Woods completed his state sentence on February 6, 2019, and the county was ready to release its hold on him at that time, Response [8] at 14, corroborating that that Tennessee continued crediting Mr. Woods towards his state sentence even after the U.S. Marshal obtained custody of him by writ on June 20, 2017.

Mr. Woods contends he is not asking for double credit because, in fact, he was no longer serving a state sentence after March 31, 2017, because the Board of Parole had voted to release him. However, his release never occurred according documents Mr. Woods attached to his petition, including documents from the Board of Parole itself and his own counsel's sentencing memorandum filed in his Tennessee federal proceeding. *See* Petition [1] at 13 (sentencing memorandum), 14 (e-mail from staff attorney at the Tennessee Board of Parole). In fact, before he was released the Board had scheduled a hearing on rescinding its vote to release him on parole, though the recission meeting never occurred because by that point Mr. Woods had been moved from the Henderson County Jail so that he could appear in federal court. *See* Petition [1] at 14. The fact that Mr. Woods remained at the Henderson County Jail after March 31, 2017, until he was moved on June 20, 2017, further demonstrates that he was never released on parole after the March 31, 2017, Board of Parole vote. In short, Mr. Woods was never on parole, and continued to serve his six-year state sentence until he completed it.

Because Mr. Woods continued receiving credit towards his six-year state sentence until February 7, 2019, he was not entitled to receive credit at the same time towards his federal sentence. *Easley*, 5 Fed. Appx. at 543. He has therefore identified no error by the Bureau of Prisons for crediting him with pretrial confinement beginning on February 8, 2019, after he completed his state sentence, rather than on June 20, 2017.

## CONCLUSION

For the reasons given, Mr. Woods' petition [1] is denied.

Date: June 29, 2022      By: _____
                             Iain D. Johnston
                             United States District Judge